UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JONATHAN C. LINTON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 06-144-B-W |
| | ) |
| MAINE DEPARTMENT | ) |
| OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION**

On November 15, 2006, Jonathan Linton filed a pleading he characterized as a "petition for writ of habeas corpus."  In the petition Linton explains that he is serving a seventeen-year sentence for an arson conviction, although he does not identify the date of the conviction or the court wherein he was convicted.  According to Linton in 2002 he cooperated with state law enforcement officials investigating a corrections officer who was allegedly bringing drugs into the Maine State Prison. The officers allegedly promised Linton he would have "lost good time" restored to him in exchange for his cooperation.  Because he was a cooperating undercover informant, Linton was sent to Maryland under an interstate compact agreement so that he could serve the remainder of his sentence in a safe environment.  Although Linton has complained to the Commissioner of the Maine Department of Corrections and the Governor of the State of Maine, no one is willing to investigate the situation and restore to him the lost good time credits. Linton indicates that he is filing the habeas petition in order to have the good time credits (unspecified as to how much time is involved) restored to him.

Linton named as defendants not only the Commissioner of the Maine Department of Corrections, but also numerous other individuals.  At first blush I concluded that a petition

pursuant to 28 U.S.C. § 2254 was indeed the vehicle that Linton had chosen to seek federal relief.  I ordered the State of Maine to answer the petition.  Because of an administrative error that order was never furnished to the State of Maine.  When the matter was brought to my attention in early February 2007, I again reviewed the petition and entered an order (Docket No. 4) asking Linton to amend or clarify his original pleading to make clear that he sought relief pursuant to the federal habeas statute and was not seeking to sue the numerous named defendants in a civil rights action pursuant to 42 U.S.C. § 1983.  Linton has not filed a timely response to my order, and I now recommend that the court dismiss this petition without prejudice based upon Linton's failure to prosecute this action.

It appears a state prisoner could use 28 U.S.C. § 2254 to challenge an erroneous calculation of his period of imprisonment in the right circumstances.  See, e.g., Medberry v. Crosby, 351 F.2d 1049 (11th Cir. 2003).  Of course, if Linton did intend this action as a habeas challenge to the length of his confinement, he would have to address all of the issues that arise under 28 U.S.C. § 2254, including the one-year statute of limitations and the exhaustion of state remedies requirement.  His pleading does not begin to address those issues.  If he contemplates bringing this action as a 42 U.S.C. § 1983 action he also faces a host of potential issues, including whether there is a bar to this suit, whether he has complied with the PLRA grievance requirement, and whether the statute of limitations has run on this cause of action as well.

As matters now stand, Linton filed the action in November 2006.  In February 2007 I issued an order asking him to clarify the basis of his lawsuit.  Linton has never responded to that order and this court has heard nothing from him since November.  Without the necessary information concerning what steps, if any, Linton has taken in the state courts, neither this court nor the State of Maine can properly answer or address the habeas petition.  Based upon Linton's

failure to comply with my February 8, 2007 order, I now recommend that the matter be dismissed without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

March 6, 2007

/s/Margaret Kravchuk

Margaret J. Kravchuk
U.S. Magistrate Judge